UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC. ,** | **Case No.** |
| | **_____** |
| **Plaintiff,** | |
| **vs.** | |
| **P & K RESTAURANT ENTERPRISE, LLC D/B/A LA CURA,** | |
| **Defendant.** | |

**COMPLAINT FOR DAMAGES**

**DESIGNATION:  PROPERTY RIGHTS**

**JURISDICTION**

1.      Plaintiff seeks relief for the Defendant's violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2.     This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.     This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length.   The Defendant's wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Georgia.

## VENUE

4.     Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of Georgia, Atlanta Division, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.     The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA 95008.


6.     Defendant P & K Restaurant Enterprise, LLC is a Georgia limited liability company with its principal place of business located at 3500 Lenox Road, Suite 1500, Atlanta, GA 30139 and does business as La Cura operating at 1919 Metropolitan Parkway, S.W., Atlanta, GA 30315.   Defendant P & K Restaurant Enterprise, LLC is subject to the venue and jurisdiction of this court.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)


7.     Plaintiff had the exclusive nationwide television distribution rights to *Floyd Mayweather, Jr. v. Robert Guerrero – WBC Welterweight Championship Fight Program* telecast which took place on May 4, 2013 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

8.      Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Georgia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

9.      As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

10.     Defendant P & K Restaurant Enterprise, LLC did not contract with the Plaintiff or pay the necessary sublicense fee required to obtain the Program for its commercial establishment.  Therefore it did not have any authorization to show the Program.

11.     Defendant P & K Restaurant Enterprise, LLC unlawfully showed the Program at La Cura on the night of May 4, 2013 with full knowledge that the Program was

not to be intercepted, received and exhibited by it because it did not have authorization.

12.     The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since Defendant P & K Restaurant Enterprise, LLC used a deliberate act to receive the Event which was unauthorized and it was done for purposes of commercial advantage and private financial gain.

13.     Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto) and prohibits individuals from assisting in the unauthorized publication or use of such communications.

14.     By reason of the aforesaid mentioned conduct, Defendant P & K Restaurant Enterprise, LLC violated Title 47 U.S.C. Section 605, *et seq.* since it was not authorized to show the Program at La Cura.

15.     By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq*., Plaintiff has a private right of action.

16.     As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605 Plaintiff is entitled to the following from Defendant:

(a)     Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b)     Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c)     Recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

17.     Title 47 U.S.C. Section 553 *et seq.* prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.

18.    As previously stated, Plaintiff J & J Sports Productions, Inc. was granted the exclusive nationwide television distribution rights to the Program which took place on May 4, 2013.  The Program was only allowed to be exhibited in those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

19.    Defendant P & K Restaurant Enterprise, LLC runs, manages and exercises control over La Cura.

20.    Plaintiff has no record of Defendant P & K Restaurant Enterprise, LLC ever entering into a sublicensing agreement with Plaintiff J & J Sports Productions, Inc. or paying the required fee for the Program to be shown at La Cura on May 4, 2013.

21.    Defendant P & K Restaurant Enterprise, LLC used unlawful means to receive the cable signal required to exhibit the Program.

22.    Because Defendant was not given authorization to show the Program at La Cura on May 4, 2013, the aforementioned defendant violated Title 47 U.S.C. Section

553, *et seq.*

23.     By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff has a private right of action.

24.     As the result of the Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff is entitled to the following from defendant:

    (a)     Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

    (b)     Statutory damages for each willful violation in an amount up to $50,000.00 pursuant Title 47 U.S.C. 553(c)(3)(B), and also

    (c)     the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

    (d)     in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.     For statutory damages in the amount of $10,000.00 against Defendant, and;

2.     Enhanced damages up to $100,000.00 against Defendant, and;

3.     For reasonable attorneys' fees pursuant to statute, and;

4.     For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5.     For such other and further relief as this Honorable Court may deem just and proper.


**As to the Second Count:**

1.     For statutory damages in the amount of $10,000.00 against Defendant, and;

2.     Enhanced damages up to $50,000.00 against Defendant and;

3.     For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

4.     For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5.    For such other and further relief as this Honorable Court may deem just

and proper.

This the 11th day of May, 2015.

                                   **RAGSDALE, BEALS, SEIGLER,**
                                   **PATTERSON & GRAY, LLP**

                                   By:  s/ Ronald D. Reemsnyder
                                   Ronald D. Reemsnyder, Esquire
                                   Georgia Bar No. 597950
                                   135 Prominence Court, Suite 160
                                   Dawsonville, GA 30534
                                   Ph:  (706) 216-1272
                                   Fax:(706) 216-1278
                                   Email: rreemsnyder@rbspg.com

                                   Edgar S. Mangiafico, Jr., Esquire
                                   Georgia Bar No. 468775
                                   2400 International Tower
                                   229 Peachtree Street, N.E.
                                   Atlanta, GA 30303-1629

                                   Attorneys for Plaintiff
                                   J & J Sports Productions, Inc.